UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PETER BODA

              PLAINTIFF

-AGAINST-

DETECTIVE JOHN PHELAN, NEW YORK CITY, B.M.

              DEFENDANTS

11 CV 28 (KAM)(SMG)

AMENDED VERIFIED COMPLAINT

JURY DEMAND

---

Plaintiff, Peter Boda, appearing through his attorney, Tamara M. Harris, alleges as follows:

1. This is an action for violations of the 4th and 14th amendments of the U.S. Constitution under 42 U.S.C.S Section 1983, as well as negligence, defamation, and malicious prosecution.

## JURISDICTION AND VENUE

2. This is an action arising under the laws of the state of New York. This court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1331, there being a federal question. Venue is proper in this District under 28 U.S.C. Section 1391and by virtue of the fact that the transaction and occurrence giving rise to this action occurred in Queens County (b) Notice of Intention to File a Claim against the above mentioned defendants was previously filed within 90 days of the accrual of the cause of action, pursuant to Section 10 of the Court of Claims Act and Section 50-I of the General Municipal Law.

## PARTIES

3. Plaintiff resides at 1260 Sedgwick Avenue, Bronx, New York, 10452.

4. Defendant New York City has its principal place of business at 100 Church Street, New York, NY 10038; Defendant Detective Phelan works out of the Queens Child Abuse Center, with his principal place of business at 112-25 Queens Blvd, Forest Hills, NY 11375; Defendant B.M. resides at 120 Baruch Drive, New York, New York 10002.

### FIRST CAUSE OF ACTION-MALICIOUS PROSECUTION BY STATE ACTOR AND FALSE ARREST BY STATE ACTOR UNDER 42 U.S.C.S SECTION 1983

5. Defendant Detective Phelan is a state actor and was acting under the color of state law when he investigated and effectuated the arrest of plaintiff.

6. On or about March 13, 2009 plaintiff, Peter Boda, was arrested for Course of Sexual Conduct Against a Child in the First Degree, a B felony, and Endangering the Welfare of a Child.

7. According to the felony complaint signed by Detective Phelan, the plaintiff had licked the vagina of seven year old H.B. and touched the child's vaginal area, between the dates of March 2007 and December 2007. It was also alleged that Peter Boda inserted his whole hand into the child's vagina over the course of ten months.

8. The arrest of Peter Boda was an unlawful seizure under the Fourth Amendment, made applicable to the state via the Fourteenth Amendment for the following reasons: a) at the time of Peter Boda's arrest for engaging in a course of oral sex with seven year old H.B., it was known to Detective Phelan that there was a pending custody battle between H.B's mother, B.M., and H.B's father, J.B. It was further known that the plaintiff, Peter Boda, was scheduled to testify in Queens Family Court on March 31, 2009 on behalf of

H.B's father, J.B. It was also known to Detective Phelan that Maria Lema, H.B.'s babysitter, was scheduled to testify at that custody trial on behalf of Hikma's father, J.B. It was also known by Detective Phelan that J.B. was scheduled to testify on March 31, 2009 in that custody battle, which he had initiated one year earlier for full custody of H.B. B) at the time Detective Phelan received the accusation from B.M. that Peter Boda had molested her daughter and that she had observed Boda touching her daughter inappropriately, he knew that this accusation was being made in the wake of the above custody battle and that Boda was scheduled to testify against B.M. at that custody battle. C) At the time Detective Phelan received the accusation from B.M., H.B' mother, that Boda had molested her daughter, it was known to the NYPD that B.M. had accused every single witness scheduled to testify against her in the March 31, 2009 custody trial of a sex crime against her or her daughter, H.B.; to wit, B.M had accused Maria Lema (babysitter) of touching H.B.'s genitalia, and had accused her estranged husband, J.B., of raping her and sexually abusing her in front of H.B. D) It was further documented, at the time B.M. and her daughter, H.B., made sexual molestation accusations against Peter Boda, that B.M. had also accused two other men of raping her, in addition to the accusations she made against J.B, Maria Lema and Peter Boda. As a matter of fact, at the time of Peter Boda's arrest B.M. had made sexual allegations against FIVE different people, three of whom were scheduled to testify against her in Queens Family Court in a matter of weeks after her accusation to Detective Phelan. E) At the time Peter Boda was arrested Detective Phelan had recommended that H.B. be examined by a physician, Dr. Hoffman, specializing in diagnosing sexual trauma. Peter Boda was arrested and incarcerated despite the fact that such medical examination indicated there was absolutely

no physical evidence of sexual trauma consistent with the child and her mother's accusations of what transpired and F) Detective Phelan arrested Peter Boda despite the fact that there were ten eye-witnesses living in the household where Boda taught H.B. piano lessons, who were blood relatives of H.B., attesting to the fact that no molestation ever occurred during these piano lessons. Accordingly, there was no probable cause for the arrest of Peter Boda or for his continued detention from March 13, 2009 to October 27, 2010, at which time he was released after being found not guilty of all charges at trial by jury.

9. At no point in time did Detective Phelan or any other member of the NYPD conduct an adequate investigation in said criminal case; namely, they failed to interview the ten eyewitnesses residing with H.B and B.M. in the home where the alleged molestation took place, who were present during the times Peter Boda was alleged to have engaged in this criminal conduct. By doing so they effectuated an arrest without probable cause, of an innocent man, based on uncorroborated word of a habitual accuser- a mother who has demonstrated she will stop at nothing to gain custody of her daughter, even if it means falsely accusing each and every witness on the family court witness list, who is scheduled to testify against her in a custody battle. In short, there was no probable cause to arrest Peter Boda, and his prolonged incarceration for a year and a half on B felony sex crime charges was a unlawful seizure under the 4th Amendment, and a deprivation of his liberty under the Fourteenth Amendment of the US Constitution.

10. The conduct of aforementioned defendant was , since Defendant knew the complainant's were habitual accusers and that the medical evidence indicated the absence

of any sexual trauma; accordingly the arrest and prolonged seizure of defendant in Rikers Island from March 13, 2009 to October 27, 2010 was not predicated on probable cause and, as such, was a violation of 4th amendment of the US Constitution which prohibits unlawful seizures. Defendant Detective Phelan intended to confine the plaintiff, the plaintiff was conscious of confinement and did not consent to the confinement and the confinement was not privileged.

11. Peter Boda was deprived of his 4th and 14th amendment liberty rights, under the U.S. Constitution, due to Detective Phelan's unlawful seizure of his person and the subsequent post-arraignment restriction of plaintiff's liberty, whereby he was incarcerated in Rikers Island prison for over a year and a half. This arrest and incarceration constitute post arraignment liberty restraints. Moreover, Detective Phelan maliciously and willfully misrepresented evidence to two Supreme Court Judges and the jury in plaintiff's criminal trial when he denied that Peter Boda had made a statement to him that the sexual accusations being made by BM and HB against plaintiff, were nothing more than a conspiracy cooked up by HB's mother to get back at her husband, JB, in the wake of a custody battle. This statement, which was consistent with Peter Boda's defense at his criminal trial was ommitted from Detective Phelan's testimony and subsequently denied by Detective Phelan at trial. Detective Phelan's malicious attempt to keep Peter Boda incarcerated during the pendency of his criminal trial and to obtain Boda's conviction on B felony sex crime charges, through perjurious testimony, constitutes malicious prosecution by a state actor acting under the color of state law under 42 USCS Section 1983, and the 4th and 14th amendment of the US Constitution.

12. Detective Phelan remained at all times cooperative with the prosecution, by

testifying in the Grand Jury, at all suppression hearings, and at trial, encouraging them to prosecute Peter Boda, knowing there was a complete lack of evidence amounting to probable cause, and knowing that he was misrepresenting and/or omitting certain exculpatory statements that defendant made to him.

13. On or about October 27, 2010, after a trial by jury, and after Detective Phelan testified against Peter Boda, the jury came back with a verdict finding plaintiff not guilty of all charges, including Course of Sexual Conduct Against a Child in the First Degree and Second Degree and Endangering the Welfare of a Child.

14. All the aforementioned defendants, due to their deprivation of plaintiff's liberty, guaranteed by the 4th and 14th amendment of the US Constitution, and their unreasonable seizure of his person, caused plaintiff to suffer substantial injury in form of pain, suffering and emotional anguish. Due to defendant's conduct, plaintiff's family, including his brother, have disassociated with him because of the false and fabricated allegations the defendants had lodged against him.

15. Plaintiff seeks damages as follows: $20 Million punitive damages and $20M emotional damages on the first cause of action.

## SECOND CAUSE OF ACTION-NEGLIGENCE

16. Plaintiff realleges all the aforementioned paragraphs.

17. Defendant New York City was negligent in hiring and supervising employees Detective Phelan, and they are vicariously liable for the negligence of those defendants.

18. Defendants New York City Police Departments an Detective Phelan owed plaintiff a duty to properly investigate any allegations of criminal activity lodged against him before making an arrest.

19. All the aforementioned defendants failed to exercise a reasonable degree of care, as measured by the standards set forth in the law enforcement community, by failing to interview key eye-witnesses prior to the Peter Boda's arrest and by willfully disregarding B.M. and H.B's motive to lie and pattern of making false sex crime allegations, since their accusations came in the wake of an impending custody battle where plaintiff was scheduled to testify against B.M. New York City is negligent since, as Detective Phelan's employer, it should not have permitted him to make an arrest for a B felony sex crime when all medical evidence indicated there was no sexual trauma to the complainant.

20. All the aforementioned defendants breached their duty of care to plaintiff by arresting him without probable cause and solely based on the uncorroborated word of a habitual accuser and known pathological liar.

21. Defendants' negligence has caused plaintiff to suffer emotional anguish to lose his family and friends.

22. Plaintiff seeks damages of $20 million emotional damages, and $20 million punitive damages for the second cause of action.

### THIRD CAUSE OF ACTION- MALICIOUS PROSECUTION

23. Plaintiff repeats and realleges all of the aforementioned paragraphs.

24. B.M. falsely accused the plaintiff of sexual molestation.

25. B.M made these false allegations knowing that they were false and out of malice for the plaintiff.

26. The state criminal proceeding against Peter Boda was terminated in his favor on October 27, 2010, when he was found not guilty of all charges after trial by jury.

27. Peter Boda has been injured in that he had suffered emotional anguish and loss of

his family, and he therefore seeks $20 Million in punitive damages and $20 Million in emotional damages from B.M.

### FOURTH CAUSE OF ACTION- DEFAMATION

28.  Detective Phelan defamed plaintiff by contacting plaintiff's brother, Daniel Boda, in Chicago, on or about March 13, 2009 by telephone, and advising Daniel Boda that plaintiff had been "arrested for raping a girl under seventeen years old", even though Detective Phelan knew that there were no allegations of sexual intercourse and that there was no evidence supporting the allegations of rape.

29.  Defendant Phelan's statements were malicious, known by him to be false, and published to a third party.

30.  As a result of Detective Phelan's statements third parties, such as Daniel Boda, refused to associate with Peter Boda and severed all ties with his brother. Accordingly plaintiff's reputation was damaged and the esteem with which other once held him was destroyed.

31.  Defendant BM falsely accused plaintiff of molestation knowing said accusations were false in an effort to eviscerate any and all witnesses against her in an impending custody battle.

32.  B.M.'s accusations, which were known to be false, and were malicious, were published to third parties, such as Detective Phelan on or about March 9, 2009, and ADA Lauren Parsons, when she advised both individuals in person that "Peter Boda licked HB's vagina and touched her lap."

33.  Because of Blanca's false accusations Peter Boda's reputation was damages and third parties refused to associate with him.

34. As a result plaintiff has been severely emotionally damaged in the amount of 1 million dollars against Detective Phelan, and is also seeking 1 million dollars in punitive damages against Detective Phelan, and is seeking 1 million dollars in emotional damages against BM and one million in punitive damages against B.M.

35. Plaintiff demand trial by jury.

## DAMAGES

WHEREFORE plaintiff is seeking damages in the amount specified above.

DATED: June 1, 2011

New York, New York

_____
Tammy Harris
The Law Office of Tamara M. Harris
350 Broadway, Ste 400
New York, New York 10013
(212) 334-1050

## VERIFICATION

I, Peter Boda, the plaintiff in the above captioned case, depose and swear that I have read the foregoing amended verified complaint and that the facts alleged therein are all true to the best of my knowledge.

_____
PETER BODA

Sworn to before me this 9 day of June 2011

_____
NOTARY PUBLIC

EVGUENI IAKOUNINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. # 01IA6076388
MY COMM. EXP. JUNE 24, 20 14