

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MATTHEW J. MODAFFERI**
*Assistant Corporation Counsel*
E-mail: mmodaffe@law.nyc.gov
Phone: (212) 788-1652
Fax: (212) 788-9776

May 1, 2012

**BY ECF and HAND DELIVERY**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:   Peter Boda v. City of New York, et al., 11-CV-0028 (KAM)(SMG)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York and Detective John Phelan in the above-referenced matter. Defendants write, pursuant to Rule IV B of Your Honor's Individual Practices, to respectfully request a pre-motion conference concerning defendants' proposed motion for summary judgment. In the alternative, defendants respectfully request that the Court adopt defendants' proposed briefing schedule set forth below.

### I.  Factual Background

   Plaintiff Peter Boda brought this lawsuit against defendants City of New York and Detective John Phelan alleging, in sum and substance, false arrest and malicious prosecution. Plaintiff alleges, *inter alia,* that on March 13, 2009, he was arrested for course of sexual conduct against a child and endangering the welfare of a child. Plaintiff claims that his arrest was unlawful because it was made in the wake of a custody battle between B.M. and J.B., the parents of the victim, H.B., and plaintiff was a witness scheduled to testify at that custody battle. Plaintiff alleges that based on the mother's uncorroborated word, defendant Phelan did not have probable cause to arrest him.

   Plaintiff's allegations could not be further from the truth and are belied by the record.

On March 6, 2009, Detective John Phelan received a law enforcement referral from the New York State Office of Children and Family Services Child Abuse Hotline. The law enforcement referral was filed by Susan Chavin, H.B.'s guidance counselor at P.S. 142 and stated, *inter alia*, that an individual named Peter sexually molested H.B. Based on the complaint, Detective Phelan contacted the victim's mother, B.M., to bring H.B. to the precinct to speak to him. On March 7, 2009, H.B. informed Detective Phelan that Peter, her father's friend who used to teach her piano, would take her into a bedroom, remove her pants and lick her vagina on numerous occasions. On March 12, 2009, H.B. informed Assistant District Attorney Lauren Parson of the identical complaint against plaintiff. On March 13, 2009, based on the victim's complaint, plaintiff was arrested for course of sexual conduct against a child and endangering the welfare of a child. Subsequent to the arrest, H.B. provided sworn video-recorded testimony concerning her complaint against plaintiff. Plaintiff was later indicted by a Grand Jury.

Detective Phelan testified that he did not know of any pending custody battle. Detective Phelan and Assistant District Attorney Parson testified that they believed the victim, H.B., and it was based on her numerous, consistent complaints that plaintiff was arrested and prosecuted.

Plaintiff cannot present any evidence to the contrary.

## II.     Procedural Background

On March 30, 2012, fact discovery was completed. On April 10, 2012, a telephone conference with Magistrate Judge Gold was held and the parties discussed potentially deposing the victim, H.B. Defendants opposed plaintiff's request. Magistrate Judge Gold made efforts to provide *pro bono* counsel for H.B. Since the last conference, counsel have appeared on behalf of H.B. Notwithstanding the possibility of deposing H.B., defendants City of New York and Detective Phelan submit this application for a pre-motion conference concerning their anticipated motion for summary judgment.[1]

## III.    Defendants' Proposed Motion for Summary Judgment

As Your Honor is aware, an arrest is privileged when probable cause exists for the individual's arrest. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Police have probable cause to arrest if they receive "information from some person, normally the putative victim or eyewitness." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)). Once a police officer has a reasonable basis to

---

[1] Defendants oppose plaintiff's request to depose the minor victim, H.B. It is undisputed that H.B. informed Detective Phelan of her complaint against plaintiff. According to Detective Phelan, the victim's complaint was consistent and believable. Based on the complaint, Detective Phelan had probable cause to arrest plaintiff. Assuming *arguendo* that H.B.'s complaint was not true, Detective Phelan would have arguable probable cause to arrest plaintiff and therefore he would be afforded qualified immunity. In either circumstance, the deposition of H.B. is irrelevant for the purposes of defendants' motion.

believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest. Panetta, 460 F.3d at 395 (quoting Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001)) ("Nor does it matter that an investigation might have cast doubt upon the basis for the arrest."). "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." Campbell v. Giuliani, 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (S.D.N.Y. Jan. 24, 2001) (citing Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed"), aff'd, 993 F.2d 1534 (2d Cir. 1993), cert. denied, 510 U.S. 817 (1993)).

   Here, the complaining victim informed Detective Phelan that plaintiff had been sexually molesting her. The victim informed an Assistant District Attorney of the identical complaint before an arrest was made. Based upon the information provided by the complaining victim, plaintiff was placed under arrest for course of conduct against a child and endangering the welfare of a child. Plaintiff cannot refute the victim's complaint.

   "Probable cause to arrest is sufficient for probable cause to prosecute unless facts come to light between the arrest and arraignment that vitiate the probable cause." Obilo v. City University of the City of New York, CV-01-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *34 (E.D.N.Y. Feb. 28, 2003). Here, probable cause to prosecute grew stronger. H.B. testified twice under oath concerning her complaint against plaintiff. Plaintiff was also indicted by the Grand Jury. Plaintiff would have to provide evidence to overcome the presumption of probable cause created by the indictment. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Plaintiff cannot provide evidence to vitiate or rebut the presumption of probable cause.

   Defendants are confident in their belief that their motion for summary judgment would be fully dispositive as probable cause existed for plaintiff's arrest. Accordingly, defendants respectfully request a pre-motion conference with respect to their anticipated motion for summary judgment. In lieu of a pre-motion conference, defendants submit the following proposed briefing schedule for the Court's review:

| | |
|---|---|
| Defendants' moving papers due on or before: | June 8, 2012 |
| Plaintiff's opposition papers, if any, due on or before: | June 29, 2012 |
| Defendants' reply papers, if any, due on or before: | July 11, 2012 |

         Respectfully submitted,

         /s/

         Matthew J. Modafferi
         Assistant Corporation Counsel
         Special Federal Litigation Division

cc: Tamara M. Harris, Esq. (By ECF)
The Law Office of Tamara M. Harris
*Attorney for plaintiff*
350 Broadway, Suite 400
New York, New York 10013

Honorable Steven M . Gold (By ECF)
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Nicole Jacoby, Esq. (By ECF)
Debevoise & Plimpton, LLP
*Attorneys for defendant B.M.*
919 Third Avenue
New York, New York 10022

Justine Harris, Esq.
Deborah Colson, Esq.
Colson & Harris LLP
*Attorney for H.B.*
10 East 40th Street, Suite 3307
New York, New York 10016