UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Peter Boda,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**Detective John Phelan, et al.,**<br><br>　　　　　　　　　Defendants. | 1:11-Civ.-00028 (KAM) (SMG) |

**DEFENDANT B.M.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND HER ANSWER AND OPPOSITION TO PLAINTIFF'S PURPORTED CROSS-MOTION TO AMEND HIS COMPLAINT**

　　　　　　　　　　　　　　　　　　DEBEVOISE & PLIMPTON LLP

　　　　　　　　　　　　　　　　　　Michael Schaper
　　　　　　　　　　　　　　　　　　Nicole Jacoby
　　　　　　　　　　　　　　　　　　Michael T. Leigh

　　　　　　　　　　　　　　　　　　919 Third Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　(212) 909-6000

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant B.M.*

July 27, 2012

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

I.     Plaintiff Has Failed to Establish That He Would Be Prejudiced by Defendant B.M. Amending Her Answer. ...........................................................................................1

     A.     New York Does Not Recognize a "Continuous Course of Conduct" Tolling Theory for Defamation. ................................................................................2

     B.     Plaintiff Would Not Be Unduly Prejudiced by Defendant B.M.'s Proposed Amendment................................................................................................4

     C.     Mere Delay in Seeking Leave to Amend Is Not a Basis for Denying Defendant B.M.'s Right to Amend. ................................................................6

II.     Plaintiff's Purported Cross-Motion to Amend His Complaint Is Both Procedurally Barred and in Any Event Should Be Denied As Futile. ............................................7

     A.     Plaintiff Failed to Act in Accordance with this Court's Rules in Bringing His Purported Cross-Motion.................................................................................7

     B.     Plaintiff's Purported Cross-Motion to Add H.B. as a Party Is Time-Barred by the Applicable Statute of Limitations and Thus Would be Futile. ..................9

CONCLUSION..............................................................................................................10

# TABLE OF AUTHORITIES

**STATUTES**

Fed. R. Civ. P. 15 ............................................................................................................................9

N.Y. C.P.L.R. 215 .................................................................................................................4, 9, 10

**CASES**

*Bass v. World Wrestling Fed'n Ent't*, 129 F. Supp. 2d 491 (E.D.N.Y. 2001) ...........................9, 10

*Block v. First Blood Assoc.*, 763 F. Supp. 746 (S.D.N.Y. 1991) .....................................................6

*Block v. First Blood Assoc.*, 988 F.2d 344 (2d Cir.1993) ................................................................6

*Bonner v. Guccione*, 916 F. Supp. 271 (S.D.N.Y. 1996).................................................................2

*Cheves v. Trs. of Columbia Univ.*, 931 N.Y.S.2d 877 (App. Div. 2011)..........................................2

*Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994)..........................................................................9

*Egleston v. Kalamarides*, 453 N.Y.S.2d 489 (App. Div. 1982)........................................................2

*Grace v. Rosenstock*, 228 F.3d 40 (2d Cir. 2000)............................................................................9

*M.V.B. Collision, Inc. v. Allstate Insurance Co.*, 728 F. Supp. 2d 205 (E.D.N.Y. 2010)............3, 9

*Rivers v. Shanahan*, No. 101834/10, 2011 WL 2292344 (N.Y. Sup. Ct. May 31, 2011)................4

*Sotheby's Intern. Realty, Inc. v. Black*, No. 06 Civ. 1725 (GEL), 2007 WL 4438145
    (S.D.N.Y. Dec. 17, 2007)..........................................................................................................6

*Toker v. Pollak*, 44 N.Y.2d 211 (1978).............................................................................................4

*Tottenham v. Trans World Gaming Corp.*, No. 00-Civ-7697 (WK),
    2002 U.S. Dist. LEXIS 11313 (S.D.N.Y. June 21, 2002).........................................................3

**OTHER AUTHORITIES**

E.D.N.Y. Local Civ. R. 7.1..............................................................................................................7

Matsumoto, J. Ind. R. IV..................................................................................................................7

Plaintiff Peter Boda ("Plaintiff") has failed to rebut the arguments in Defendant B.M.'s ("Defendant B.M." or "B.M.") Memorandum in Support of her Motion For Leave to Amend her Answer that (1) justice requires allowing B.M. to assert a meritorious affirmative defense, and (2) there is no undue prejudice to Plaintiff in allowing B.M. to do so. Instead, Plaintiff attempts to distract the Court by misstating the law on the tort of defamation, putting forth legally and factually meritless assertions that granting B.M.'s motion would prejudice Plaintiff, and mischaracterizing the discovery record. Moreover, Plaintiff, in contravention of the procedural rules of this Court, also improperly brings a cross-motion to amend his Amended Complaint to add Defendant B.M.'s thirteen-year-old daughter, H.B., as a defendant to the action and to add language to support his proposed new claims against H.B.

Because Defendant B.M. has established that her motion to amend her Answer to include a statute of limitations defense would not be futile and would cause no prejudice to Plaintiff, B.M.'s motion to amend her Answer should be granted. Further, Plaintiff's purported cross-motion should be denied as procedurally defective and in any event is futile because his claims against H.B. would be time-barred under the applicable statute of limitations.

## I. Plaintiff Has Failed to Establish That He Would Be Prejudiced by Defendant B.M. Amending Her Answer.

As established in B.M.'s opening brief, an amendment to her Answer to include a statute of limitations defense should be allowed because (i) she has a strong legal basis on which to assert a defense that Plaintiff's defamation claim is time-barred, and thus the amendment would not be futile; and (ii) Plaintiff already has taken full discovery on the only purportedly defamatory statements alleged in the Complaint (both of which allegedly occurred in March

1

2009), and thus the amendment would not be prejudicial. As discussed below, Plaintiff's arguments to the contrary fail for several reasons.

### A. New York Does Not Recognize a "Continuous Course of Conduct" Tolling Theory for Defamation.

Plaintiff's assertion that Defendant B.M.'s amendment would be "highly prejudicial" because he was deprived of the right to examine her "as to whether or not her defamatory statements in March of 2009 were part of a continuing course of conduct" is based on a patently incorrect statement of law. (Pl.'s Opp'n [p. 2].) New York law does not recognize any "continuing tort" or "continuing course of conduct" tolling theory that applies to defamation claims. *Cheves v. Trs. of Columbia Univ.*, 931 N.Y.S.2d 877, 877 (App. Div. 2011) ("[T]here is no support for plaintiff's proposition that the statute of limitations governing actions for defamation is subject to a 'continuing tort' exception."); *see also*, *Egleston v. Kalamarides*, 453 N.Y.S.2d 489, 489 (App. Div. 1982) ("Each repetition of a slanderous statement gives rise to a separate cause of action and does not relate back to an earlier publication." (internal citation omitted)).

Plaintiff's only purported support for his "continuing course of conduct" theory is *Bonner v. Guccione*, 916 F. Supp. 271 (S.D.N.Y. 1996). (Pl.'s Opp'n [p. 2].) *Bonner*, however, was not a defamation case. Indeed, the court in *Bonner* explicitly held that the "continuing tort" doctrine applies to only a select class of intentional torts that impose a "continuing harm," such as the intentional infliction of emotional distress stemming from ongoing instances of sexual harassment. *Bonner*, 916 F. Supp. at 276–77 & n.3. As noted above, there is clear case law that defamation is not among the select class of torts discussed in *Bonner*. *Cheves*, 931 N.Y.S.2d at 877.

2

In any event, Plaintiff did not allege such a "continuing course of conduct" in his Amended Complaint and thus, even if New York law recognized such a theory (which it does not), it would be irrelevant to the claims in this case. Defamation claims are subject to a heightened pleading standard requiring plaintiff to "identif[y] the purported [defamatory] communication, and an indication of who made the statement, when it was made, and to whom it was communicated." *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 223 (E.D.N.Y. 2010) (internal quotes omitted)). Surely mindful of this requirement, Plaintiff alleged in the complaint that B.M. defamed Plaintiff "on or about March 9, 2009" when she advised Defendant Detective John Phelan and Queens County ADA Lauren Parson that "Peter Boda licked HB's vagina and touched her lap."[1] (Am. Compl. ¶ 32, ECF No. 7.) There are no allegations of B.M. making defamatory statements at other points in time. Accordingly, it would be improper for discovery in this matter to extend beyond the particular defamatory statements alleged in the Amended Complaint. *Tottenham v. Trans World Gaming Corp.*, No. 00-Civ-7697 (WK), 2002 U.S. Dist. LEXIS 11313, at *3–4 (S.D.N.Y. June 21, 2002) ("Discovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support. . . . Discovery requests cannot be based on pure speculation or conjecture.").

In short, the entire premise for Plaintiff's opposition to the motion to amend—the need for discovery on a "continuing course of conduct"—is fatally flawed because there is no such legal theory for defamation and, even if there were, it is not alleged in Plaintiff's complaint.

---

[1] Discovery has confirmed that March 2009 is the only time period relevant to Plaintiff's defamation claims. (Ex. 1, B.M. Dep. Tr. 76:23–77:9, 91:19–92:19, 103:8–108:23, 117:11–21, 128:5–131:23; Ex. 2, Phelan Dep. Tr. 42:18–44:3, 211:19–216:23:15; Ex. 3, Dank Dep. Tr. 6:10–10:9, 84:21–86:3.)

3

### B. Plaintiff Would Not Be Unduly Prejudiced by Defendant B.M.'s Proposed Amendment.

Plaintiff's argument that he would be prejudiced in that he "chose to forego an entire line of examination which would have been pertinent to defeating B.M.'s statute of limitations defense" is without basis and belied by the record. (Pl.'s Opp'n [p. 2].) In particular, Plaintiff asserts that he "failed to inquire of BM [at her deposition] all of the times that she had made statements about [Plaintiff's] inappropriate conduct toward her daughter," including the "date she testified in the Grand Jury, the dates she met with certain prosecutors from the Queens DA's Office, [and] . . . the dates and times she met with professionals (including medical professionals)." (Pl.'s Opp'n [p. 2].) As a preliminary matter, it is unclear what this broad and largely irrelevant line of questioning could hope to achieve as the Amended Complaint does not allege any defamatory statement by B.M. to any party aside from Det. Phelan and ADA Parson and at no time other than "on or about March 9, 2009."[2] (Am. Compl. ¶ 32, ECF No. 7.)

Further, during B.M.'s deposition Plaintiff did in fact question her at length about her statements to Det. Phelan, Queens County ADA Elizabeth Dank, the Queens Child Advocacy Center physician who examined H.B., and ADA Parson. (Ex. 1, B.M. Dep. Tr. 111:5–118:22, 128:5–135:14.) Plaintiff specifically asked B.M. how many times she met with ADA Dank and what statements she made about Plaintiff during those meetings, as well as during her meetings with Det. Phelan and ADA Parson. (*Id.* at 76:23–77:14, 117:3–17, 129:6–130:25.) Plaintiff also

---

[2] The relevance of any alleged statements made by Defendant B.M. to the Queens Child Advocacy Center physician who examined H.B., for example, is questionable as neither Det. Phelan nor ADA Parson were present at that medical examination. (*See* Ex. 4, Hoffman-Rosenfeld Medical Evaluation.) In any event, any allegedly defamatory statements made by Defendant B.M. in April 2009, which is when the medical examination occurred, would also be time-barred as a matter of law. N.Y. C.P.L.R. § 215(3). Similarly, statements in B.M.'s Grand Jury testimony in the Boda criminal matter, which took place in March 2009, would be time-barred and in any event protected by qualified privilege and thus not defamatory as a matter of law. *Toker v. Pollak*, 44 N.Y.2d 211, 219–220 (1978); *Rivers v. Shanahan*, No. 101834/10, 2011 WL 2292344, at III.B.2 para. 7 (N.Y. Sup. Ct. May 31, 2011).

4

specifically questioned B.M. about what she and ADA Parson spoke about before B.M.'s Grand Jury testimony.[3] (*Id.* at 131:24–135:14.) Moreover, Plaintiff and his counsel were present when B.M. responded in the negative to undersigned counsel's questions at B.M.'s deposition as to whether she had "ever" told Det. Phelan, ADA Dank, or ADA Parson that "Peter Boda licked [H.B.'s] vagina" or "touched [H.B.'s] lap." (*Id.* at 148:22–149:21.) Therefore, even if Plaintiff were legally permitted to invoke a "continuous course of conduct" tolling theory and such a theory were pled in the complaint, it is plain that B.M. was already questioned under oath about every potential instance she may have made statements of a defamatory nature.

Lastly, Plaintiff's argument that he would be prejudiced because he expended $1,300 to depose B.M. and would bear further costs if the Court were to re-open B.M.'s deposition in light of a statute of limitations defense also is without merit. (Pl.'s Opp'n [p. 3].) As explained above, Plaintiff in fact conducted a complete and thorough deposition of B.M. and inquired as to all possible instances of defamatory remarks—all of which allegedly occurred in March 2009. Thus, no further discovery would be appropriate. Even if limited further discovery (for example, a limited re-opening of Plaintiff's deposition of B.M.),[4] such discovery would be minimal in nature and certainly would not amount to Plaintiff incurring a significant expenditure sufficient

---

[3] Notably, Plaintiff had ample opportunity to notice ADA Parson for deposition, but neglected to do so. (*See* Jan. 17, 2012 Minute Order by Gold, J., ECF (setting deadline of March 14, 2012 for completion of all depositions except that of non-party H.B.); March 12, 2012 Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 35 (seeking extension of time until March 30, 2012 to complete depositions); March 23, 2012 Minute Order by Gold, J., ECF (granting Plaintiff's motion for extension to March 30, 2012).)

[4] In the event the Court determines additional discovery is warranted based on B.M.'s amendment to her answer to assert a statute of limitations defense, B.M. is willing to consent to re-open discovery and make herself available to Plaintiff for additional questioning concerning only the narrow issues of the dates on which she met with Det. Phelan, ADA Dank, and ADA Parson, and any statements made by B.M. during those conversations that pertained to H.B.'s allegations against Plaintiff. However, because B.M. already testified that she never made any statement to Det. Phelan, ADA Dank, or ADA Parson that Plaintiff abused H.B., it is doubtful that further questioning along these lines would be useful to Plaintiff. (Ex. 1, B.M. Dep. Tr. 111:5–113:5, 117:11–118:22, 128:5–135:14, 148:22–149:21.)

5

to prove substantial prejudice. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) ("In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would . . . require the opponent to expend *significant additional* resources to conduct discovery and prepare for trial (emphasis added)); *Sotheby's Int'l Realty, Inc. v. Black*, No. 06-Civ-1725 (GEL), 2007 WL 4438145, at *6 (S.D.N.Y. Dec. 17, 2007) (granting leave to amend answer when "any additional discovery it may need will be minimal and limited solely to [one] defense"); *Block v. First Blood Assoc.*, 763 F. Supp. 746, 748 (S.D.N.Y. 1991) ("[A] plaintiff may reasonably be charged with knowledge of the limitations period applicable to his complaint, and thus a plaintiff who incurs significant expenses in pressing an untimely claim cannot thereafter rely on those expenses to establish prejudice.").

For all these reasons, Plaintiff's assertion that he would be prejudiced by the proposed amendment is without merit.

### C. Mere Delay in Seeking Leave to Amend Is Not a Basis for Denying Defendant B.M.'s Right to Amend.

Lastly, there is no basis for Plaintiff's remaining contention that B.M. "offer[ed] no excuse for this undue delay" in moving to amend her Answer to assert a statute of limitations defense.[5] (Pl.'s Opp'n [p. 3].) As an initial matter, "[m]ere delay" in seeking leave to amend "absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350 (citation omitted) (granting leave to amend answer to add statute of limitations defense four years after complaint was filed). Further,

---

[5] In his Opposition, Plaintiff incorrectly states that Defendant B.M. filed an Amended Answer on June 21, 2011. (Pl. Opp'n [p. 2].) Det. Phelan and the City of New York filed an Amended Answer on June 21, 2011, (Answer to Amended Complaint, ECF No. 8), in response to Plaintiff's Amended Complaint filed on June 10, 2011, (Amended Complaint, ECF No. 7). B.M. filed her *only* Answer on September 19, 2011, approximately three weeks after Debevoise & Plimpton LLP filed their notice of appearance in this matter. B.M. previously was unrepresented. (Answer to Amended Complaint, ECF No. 22.)

6

B.M.'s counsel has stated that her omission of the defense in her original Answer was an unintentional oversight on counsel's part, and that upon discovery of the oversight counsel immediately brought the issue to Plaintiff and to the Court.  (Def.'s Mem. 2; May 14, 2012 Ltr. to Matsumoto, J., ECF No. 44.)  Plaintiff has submitted no evidence (nor is there any) of bad faith on the part of Defendant B.M. or her counsel, and, as explained above, has failed to show that he would be unduly prejudiced by B.M.'s ability to assert a meritorious statute of limitations defense.

II.  **Plaintiff's Purported Cross-Motion to Amend His Complaint Is Both Procedurally Barred and in Any Event Should Be Denied As Futile.**

   A. **Plaintiff Failed to Act in Accordance with this Court's Rules in Bringing His Purported Cross-Motion.**

In bringing his purported cross-motion, Plaintiff failed to comply with the Court's procedural rules and his motion should be rejected on that basis alone.  Plaintiff did not advise the Court of his intent to move to amend his Amended Complaint at the May 16, 2012 status conference at which Defendant B.M.'s motion to amend her Answer was discussed, and did not request a pre-motion conference to raise his intent of filing his motion at any other time.  (*See* Matsumoto, J. Ind. R. IV(B)(1) ("A pre-motion conference with the court is required before the filing of any motion[.]")).  On May 25, 2012, the Court ordered a schedule that contemplated briefing deadlines solely for the purpose of addressing Defendant B.M.'s motion to amend her Answer.  (May 25, 2012 Minute Order by Matsumoto, J., ECF.)  Plaintiff's purported cross-motion also fails to comply with E.D.N.Y. Local Civ. R. 7.1(b), which specifically outlines criteria to be followed by "an opposing party who seeks relief that goes beyond the [original] motion[.]"  E.D.N.Y. Local Civ. R. 7.1(b).

7

Further, as Chief Magistrate Judge Gold determined at the parties' April 10, 2012 telephonic conference, the interests of B.M. and non-party H.B. potentially conflict in this action, and H.B. therefore was appointed separate counsel. (*See* April 10, 2012 Minute Order by Gold, J., ECF; April 13, 2012 Minute Order by Gold, J., ECF.) It would be inappropriate for B.M. to represent to the Court H.B.'s position with respect to Plaintiff's motion to add H.B. as a party, and it would be prejudicial to H.B. for her not to be able to argue on her own behalf in response to Plaintiff's request for leave to add her as a defendant. Thus, H.B.'s counsel should be given an opportunity to participate in any pre-motion conference or briefing concerning their client.

In light of the foregoing, Defendant B.M. respectfully requests that the Court reject Plaintiff's cross-motion as procedurally improper and order Plaintiff to request a pre-motion conference to discuss the basis of this motion and set a briefing schedule to allow B.M. and the other parties to fully argue their positions with respect to Plaintiff's proposed changes to his Amended Complaint.

If considered on the merits, the Court should reject Plaintiff's illogical attempt to link his purported motion to amend his Amended Complaint to the Court's grant of Defendant B.M.'s motion to amend her Answer. (Pl.'s Opp'n [p. 3] ("However, *in the event the court grants leave to amend*, plaintiff also seeks permission to amend his Amended Complaint . . . .") (emphasis added). B.M.'s straightforward attempt to amend her answer to add a defense in no way relates to Plaintiff's request to add H.B. as a party. The two issues should be judged separately on their own merits and, for the reasons noted above, Plaintiff's motion should be handled on a separate briefing schedule only after a pre-motion conference.

**B. Plaintiff's Purported Cross-Motion to Add H.B. as a Party Is Time-Barred by the Applicable Statute of Limitations and Thus Would be Futile.**

Even if considered on its merits, Plaintiff's proposed amendments to his Amended Complaint should be denied as futile. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000). A proposed amendment is futile if "the claims the plaintiff [seeks] to add [are] barred by the applicable statute of limitations." *Id.* Adding H.B. as a party to the action on July 18, 2012 undoubtedly would be time-barred by New York's one-year statute of limitations for malicious prosecution and defamation claims, unless the proposed claims against H.B. relate back to the date on which Plaintiff commenced this action.[6] N.Y. C.P.L.R. § 215(3). Plaintiff's proposed addition of H.B. as a party, however, do not satisfy the requirements of Fed. R. Civ. P. 15(c) for relating back to the original complaint. *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 507 (E.D.N.Y. 2001).

Under Rule 15(c), Plaintiff's proposed claims against H.B. may relate back to the date of the original complaint only if he can show that H.B. "knew or should have known that the action would have been brought against [her], but for a mistake concerning [her] identity." Fed. R. Civ. P. § 15(c)(1)(ii). Here, Plaintiff does not, and cannot, make that showing. In his purported cross-motion, Plaintiff does not allege that he would have named H.B. as a defendant in his original complaint but for a mistake concerning H.B.'s identity; nor could he in light of the fact that Plaintiff knew the identity of H.B. at the time he filed this action. *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (holding that because Plaintiff was aware of proposed new

---

[6] The one-year statute of limitations period for Plaintiff's malicious prosecution claim commenced on October 27, 2010, the day on which Plaintiff was acquitted of the criminal charges against him, and ended on October 28, 2011. The statute of limitations period for Plaintiff's defamation claim commenced on or about March 9, 2009, the date on which he alleges he was defamed, and ended on March 10, 2010. Even if Plaintiff could satisfy the criteria so that his proposed claims against H.B. relate back to January 4, 2011—the date on which he filed his original Complaint—any proposed defamation claim against H.B. still would be time-barred. *See M.V.B. Collision, Inc.*, 728 F. Supp. 2d at 222–223.

9

defendant at time she filed suit, her omission of proposed new defendant "must be considered a matter of choice, not mistake"). Thus, the date on which Plaintiff moved to amend his Amended Complaint to add H.B. as a party "constitutes the date the action was commenced for statute of limitations purposes," *Bass*, 129 F. Supp. 2d at 508 (internal quotation marks and citation omitted), and his proposed malicious prosecution and defamation claims against H.B. are time-barred by the one-year statute of limitations provided for in N.Y. C.P.L.R. § 215(3). Accordingly, Plaintiff's purported cross-motion to amend should be denied as futile.

## CONCLUSION

For the reasons set forth above, and those set forth in Defendant's opening memorandum of law, Defendant B.M.'s motion for leave to amend her Answer to assert a statute of limitations defense in opposition to Plaintiff's defamation claim should be granted and Plaintiff's purported cross-motion to amend his Amended Complaint should be denied.

Dated: New York, New York
       July 27, 2012

                            DEBEVOISE & PLIMPTON LLP

                            By: /s/ Nicole Jacoby
                                  Michael Schaper
                                  Nicole Jacoby
                                  Michael T. Leigh

                                  919 Third Avenue
                                  New York, NY 10022
                                  (212) 909-6000
                                  njacoby@debevoise.com
                                  *Attorneys for* B.M.

TO:    Tamara M. Harris
          The Law Office of Tamara M. Harris
          350 Broadway Suite 400

New York, NY 10013
212-334-1050
Fax: 646-378-7996
Email: totallytammy2003@yahoo.com
*Attorney for* Peter Boda

Matthew Modafferi
New York City Law Department
100 Church Street
New York, NY 10007
212-788-1652
Fax: 212-788-9776
Email: mmodaffe@law.nyc.gov
*Attorney for* Detective John Phelan and City of New York

Deborah Austern Colson
Justine A. Harris
Colson & Harris LLP
10 E. 40th St., Suite 3307
New York, N.Y. 10016
212-257-6455
Fax: 212-257-6453
dcolson@colsonharris.com
jharris@colsonharris.com