UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PETER BODA
      PLAINTIFF     1:11-CV-00028 (KAM)(SMG)
V.                     MEMORANDUM OF LAW IN OPPOSITION T0
DETECTIVE JOHN PHELAN,    MOTION TO AMEND ANSWER AND CROSS MOTION TO AMEND
NEW YORK CITY, BM        AMENDED COMPLAINT TO INCLUDE HB AS A PARTY AND TO
                           ADD ADDITIONAL LANGUAGE WITH RESPECT TO HB

---

I. **BM'S MOTION TO AMEND HER ANSWER SHOULD BE DENIED, AND PLAINTIFF'S CROSS-MOTION TO AMEND HIS AMENDED COMPLAINT SHOULD BE GRANTED**

Although Fed. R. Civ. P. 15(a) requires that leave to amend be granted freely 'when justice so requires', leave should not be granted where the amendment would cause substantial prejudice to a party to the action. *See Middle Atlantic Utilities Co. v. SMW Devel. Corp.*, 392 F.2d 380,384 (2d Cir. 1968); *United States v. 47 Bottles, More or Less*, 320 F.2d 564,573 (3d Cir. 1963); *Strauss v. Douglas Aircraft*, 404 F.2d 1152 (2d Cir. 1968). Moreover, the statute of limitations is an affirmative, or so called personal privilege defense, which may be waived if not promptly pleaded. *See Fed. R. Civ. P. 8(c); Strauss v. Douglas Aircraft*, 404 F.2d 1152,1155 (2d Cir. 1968). Moreover, a party must plead a Statute of Limitations defense at the earliest possible date and certainty of success of the defense is not an essential element in determining whether to set forth the affirmative defense in a pleading. *Id at 1155*. "It seems to require little argument that where the party seeking to amend wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did not carefully balance the effects of such action, for it is manifest that risk of substantial prejudice increases in proportion to the length of the defendant's delay in seeking the amendment." *Id at 1155*. "If the defense lurks in a case, vacillation can cause the other party irreparable injury." *Id at 1155*.

In the instant case defendant BM filed her amended answer on June 21, 2011. Since that amended answer was filed the parties have engaged in document discovery and depositions of plaintiff Peter Boda, defendant BM, and defendant Detective Phelan, all of which have concluded. The only outstanding deposition is that of HB, BM's minor daughter. Almost an entire year elapsed since the amended answer, and it has been months since the depositions of plaintiff and defendants have already been completed, and now for the first time BM had placed plaintiff on notice that she would like to amend her answer to include a statute of limitations defense. This is highly prejudicial for the plaintiff who has been deprived of the right to properly examine BM at her deposition as to whether or not her defamatory statements in March of 2009 were part of a continuing course of conduct aimed at disparaging the plaintiff, which would defeat BM's proposes statute of limitations defense. Because Peter Boda was not on notice as to this defense the undersigned failed to inquire of BM all of the times that she had made statements about Peter Boda's inappropriate conduct toward her daughter, such as the date she testified in the Grand Jury, the dates she met with certain prosecutors from the Queens DA's Office to discuss Boda's inappropriate conduct (whether it be discussions about BM's alleged observations of Boda touching HB's lap/leg or discussions about what HB purportedly told her mother that Boda had done to her), the dates and times she met with professionals (including medical professionals) at the Child Advocacy Center in Queens, and things of that nature. A continuing course of conduct for an intentional tort is not barred by the statute limitations so long as the last act falls within the statute of limitations. *See Bonner v. Guccione*, 916 F. Supp. 271 (SDNY 1996). In the instant case, plaintiff chose to forego an entire line of examination which would have been pertinent to defeating BM's statute of limitations

defense because BM chose to delay raising this defense until after her deposition, as well as the depositions of all the other parties, were completed. This belated attempt to now amend the pleadings will cause substantial prejudice to the plaintiff, who already had to bear the cost of BM's deposition, which cost plaintiff approximately $1,300. Even if the court were to reopen BM's deposition plaintiff, whose income is derived from social security, would have to bear this cost as well.   Moreover, BM offers no excuse for this undue delay for a defense she should have known was available to her since the inception of this case, which has now been pending for over a year.

For the foregoing reasons, plaintiff respectfully opposes BM's motion to amend. However, in the event the court grants leave to amend, plaintiff also seeks permission to amend his Amended Complaint to include HB, Blanca's daughter as a party to this action, to the extent that the caption of the case be amended to reflect "Peter Boda v. Detective John Phelan, New York City , *and  BM on behalf of herself and her minor daughter, HB*" and to include language in the complaint specifying HB's involvement in aiding her mother to perpetrate false sex crime allegations against Mr. Boda, with the goal of bolstering her mother's chances of success  in an impending custody battle against HB's father, JB.  Specifically, plaintiff seeks to amend body of the Amended Complaint to read  on p.3, section C, thirteen lines down from the top of the page" ...of touching HB's  genitalia and BM, **acting in concert with her daughter, HB,  to gain a tactical advantage in an impending custody battle**, had accused BM's estranged husband, JB of raping her and sexually abusing her in front of HB. (The portion in bold is the proposed amendment and all other language remains the same).  Plaintiff further seeks to amend paragraph 24 of the Amended Complaint, page 7, to read "BM **and HB, acting**

**in concert**, falsely accused the plaintiff of sexual molestation." Additionally, plaintiff moves to amend paragraph 25 on page 7 of the Amended Complaint to read, "BM **and HB, acting in concert,** made these false allegations knowing that they were false and out of malice for the plaintiff, **and as part of a conspiracy, between mother (BM) and child (HB), to ruin JBs chances of winning custody of HB, via falsely accusing JB's main witness, Peter Boda, of a sex crime**. Plaintiff moves to amend paragraph 31 to read: "Defendant BM, **acting in concert with her minor daughter HB,** falsely accused plaintiff of molestation knowing said accusations were false in an effort to eviscerate any and all witnesses against her in an impending custody battle." Plaintiff further moves to amend paragraph 32 of the Amended Complaint, on page 8, to read , "BM **and HB's** accusations, which were known to be false…"

These proposed amendments will cause absolutely no prejudice to any party since HB is the only deposition in this case still outstanding, which has yet to be scheduled. *See State Teachers Retirement Bd v. Fluor Corp.,* 654 F.2d 843,856 (2d Cir. 1981) (leave to amend pleadings should be granted when there will be no prejudice).  Accordingly, HB can admit or deny the allegations contained in this complaint when she is deposed.  Notably, based on the representations of HB's Counsel, see attached *Ex. A (Letter from HB's Attorney),* HB intends to refuse to answer questions at her deposition to exercise her Fifth Amendment privilege against self-incrimination.  Since the discovery phase with respect to HB is still open and she has not yet been deposed, there has been no prejudice to any party by the court granting leave to plaintiff to file the proposed amendments, and plaintiff respectfully requests that this court grant him leave to amend his Amended Complaint to  change the caption so that BM is sued individually

and on behalf of her minor daughter, and to amend the body of the Amended Complaint to reference HB's participation in perpetuating the false accusations against Peter Boda.

WHEREFORE, plaintiff respectfully requests the Court deny BM's motion for leave to amend her Amended Answer to raise a statute of limitations defense due to the fact the request is being made after the depositions of all the major parties have completed at great expense to plaintiff, causing prejudice to the plaintiff. Moreover plaintiff requests leave to Amend his Amended Answer to reflect HB's involvement in his incarceration on false sex crime charges, which will pose no prejudice to any party, since HB has not yet been deposed.

Dated: July 18, 2012

/s/Tamara Harris
The Law Office of Tamara M. Harris
350 Broadway, Ste 400
New York, NY 10013
(212) 334-1050

**COLSON & HARRIS LLP**

10 East 40th Street
Suite 3307
New York, NY 10016
T 212-257-6455
F 212-257-6453

May 24, 2012

By ECF

The Honorable Steven M. Gold
United States Magistrate Judge
U.S. District Court
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:    *Peter Boda v. Detective John Phelan et al*, 11 CV 28 (KAM)(SMG)

Dear Judge Gold:

    By order dated May 17, 2012, the Court directed counsel to provide a written report by May 25, 2012, indicating the terms of any agreement regarding the deposition of H.B. I write to notify the Court that, per the advice of counsel, H.B. intends to invoke her Fifth Amendment privilege against self-incrimination during any deposition conducted in connection with this case. Should Your Honor so desire, Ms. Harris and I would be willing to provide an *ex parte* statement of reasons, either in writing or during an *in camera* meeting with the Court.

                                                             Respectfully submitted,

                                                               /s/

                                                           Deborah Colson
                                                           (212) 257-6455

cc:    Tamara Harris, Esq.
        Nicole Jacoby, Esq.
        Matthew Modaferri, Esq.

5736 DOCX

Ex A