UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
PETER BODA,

             Plaintiff,

        -against-

DETECTIVE JOHN PHELAN, NEW YORK
CITY, and B.M.,

           Defendants.
--------------------------------x

**MEMORANDUM AND ORDER**

11-CV-00028 (KAM)

**MATSUMOTO, United States District Judge:**

       On January 4, 2011, plaintiff Peter Boda ("plaintiff") brought this action against Detective John Phelan, New York City, and B.M. alleging constitutional claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution as well as state law claims for negligence, malicious prosecution, and defamation.  Plaintiff's claims arise out of his March 13, 2009 arrest and subsequent prosecution in state court for crimes involving defendant B.M.'s then seven-year-old daughter, H.B., for which plaintiff was found not guilty by a jury verdict at trial.  Presently before the court is defendant B.M.'s motion for leave to amend her answer to assert a statute of limitations defense against plaintiff's defamation claim.  Additionally, without previously seeking leave of the court as required by the court's motion practices, plaintiff cross-moves to amend the Amended Complaint to include H.B. as a defendant.  Having reviewed the parties' submissions, the record before the court, and

1

the relevant case law, for the reasons set forth below, the court
grants defendant B.M.'s motion to amend her answer to include a
statute of limitations defense, and denies plaintiff's cross-motion
to amend the Amended Complaint to include H.B. as a defendant.

<u>**BACKGROUND**</u>

On June 10, 2011, plaintiff filed an Amended Complaint
alleging that defendant B.M. "falsely accused plaintiff of
molestation knowing said accusations were false" and that such false
accusations "were published to third parties . . . on or about March
9, 2009." (ECF No. 7, Amended Complaint ("Am. Compl.") ¶¶ 31-33.)
Other than the allegedly defamatory statements published on or about
March 9, 2009, there are no other allegations of defamatory
statements by B.M. in the Amended Complaint. On September 19, 2011,
B.M. filed an answer to the Amended Complaint asserting six
affirmative defenses but not a statute of limitations defense. (*See*
ECF No. 22, Defendant B.M's Answer to Amended Complaint.) On May
14, 2012, B.M. informed the court of her request to amend her answer
to include a statute of limitations defense, and as plaintiff would
not consent to the amendment, the court granted B.M. leave to file
her instant motion. (*See* ECF No. 44, Letter from Nicole Jacoby.)

On July 27, 2012, B.M. filed her motion to amend her answer
(*see* ECF No. 52, Memorandum of Law in Support of Defendant B.M.'s
Motion for Leave to Amend Her Answer ("Def. Mem.")), plaintiff filed

2

his opposition to B.M.'s motion to amend as well as his cross-motion to amend the Amended Complaint to include H.B. as a defendant (*see* ECF No. 54, Memorandum of Law in Opposition to Motion to Amend Answer and Cross Motion to Amend Amended Complaint to Include H.B. as a Party ("Pl. Opp'n")), and B.M. filed a reply brief that also opposed plaintiff's motion to amend (*see* ECF No. 53, Defendant B.M's Reply Memorandum of Law in Further Support of Her Motion for Leave to Amend Her Answer and Opposition to Plaintiff's Purported Cross-Motion to Amend His Complaint ("Def. Reply")).

## DISCUSSION

I.   **Defendant B.M.'s Motion to Amend Her Answer to Include a Statute of Limitations Defense**

   A.   **The Potential Availability of a Statute of Limitations Defense to B.M.**

   Under New York law, the statute of limitations for a defamation claim is one year.  N.Y. C.P.L.R. § 215(3); *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (summary order). The limitations period begins to run from the date of the first publication of the defamatory statement.  *See Firth v. State*, 98 N.Y.2d 365, 369 (N.Y. 2002); *see also Liverpool v. Con-Way, Inc.*, No. 08-CV-4076, 2010 U.S. Dist. LEXIS 122419, at *11 (E.D.N.Y. Nov. 18, 2010); *Hanly v. Powell Goldstein, LLP*, No. 05 CV 5089, 2007 U.S. Dist. LEXIS 17152, at *15 & n.7 (S.D.N.Y. Mar. 5, 2007) ("New York law . . . is clear that a cause of action in libel accrues when the

3

statements are originally published, not upon plaintiff's discovery.").

For the limited purposes of this motion to amend, it appears that a statute of limitations defense is available to B.M. The only allegations against B.M. relevant to plaintiff's defamation claim involve the publication of certain statements on or about March 9, 2009 (Am. Compl. ¶ 32), and thus the statute of limitations for a defamation claim related to those statements expired on March 9, 2010.  Accordingly, because plaintiff's original complaint was filed on January 4, 2011 – almost ten months after the expiration of the statute of limitations, absent any ground for tolling of the statute of limitations, an affirmative defense on this ground is available to B.M. and may be asserted in an amended answer.

## B.  The Standard for a Motion to Amend an Answer

A defendant must set forth affirmative defenses in the answer to the complaint, including a statute of limitations defense. *See* Fed. R. Civ. P. 8(c)(1).  Where a party has omitted an affirmative defense in her answer, she may seek the court's leave to amend her answer to include the affirmative defense, which "[t]he court should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *AEP Energy Servs. Gas Holding Co. v. Bank*

4

*of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)) (internal quotation marks omitted); *see also Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2496 (2010) ("By its terms, Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading . . . ."); *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) ("[I]t is rare for an appellate court to disturb a district court's discretionary decision to allow amendment." (internal quotation marks omitted)).

In determining what constitutes prejudice, the court considers whether the assertion of the statute of limitations defense would:  "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.

### C.    Whether Plaintiff Has Established Prejudice

Although approximately eight months elapsed between the filing of B.M.'s answer to the Amended Complaint and her notification to the court of the statute of limitations defense, there would be little to no prejudice to plaintiff from allowing B.M.'s amendment. First, an amendment of the answer to include a statute of limitations defense would not require plaintiff to expend *significant* additional

resources to conduct discovery and prepare for trial.  Plaintiff
argues that he is substantially prejudiced because he expended $1,300
to depose B.M. and further questioning of B.M. would be required to
adequately defeat B.M's statute of limitations defense.  (Pl. Opp'n
at 2-3.)  Specifically, had the statute of limitations defense been
raised earlier, plaintiff asserts that at B.M.'s deposition he would
have "inquired[d] of B.M. all of the times that she had made
statements about [plaintiff's] inappropriate conduct toward her
daughter . . . ."[1]  (*Id.* at 2.)

     Plaintiff's claim of prejudice is meritless.  The only
allegation in the Amended Complaint regarding defamatory statements
by B.M. relates to statements published in March of 2009 to Detective
Phelan and ADA Lauren Parson.  If plaintiff knew of other allegedly
defamatory statements by B.M., he was required to plead them with
specificity in the Amended Complaint.  *See M.V.B. Collision, Inc.*

---

[1] Plaintiff argues that he "has been deprived of the right to properly
examine BM at her deposition as to whether or not her defamatory statements in
March of 2009 were part of a continuing course of conduct aimed at disparaging
the plaintiff," and that "[a] continuing course of conduct for an intentional tort
is not barred by the statute [of] limitations so long as the last act falls within
the statute of limitations."  (Pl. Opp'n at 2 (relying on *Bonner v. Guccione*, 916
F. Supp 271 (S.D.N.Y. 1996)).)  Under New York law, however, defamation claims
are not subject to the "continuing course of conduct" doctrine for tolling of the
statute of limitations, but rather, each publication of a defamatory statement
gives rise to a separate cause of action.  *See Knoll v. Merrill Corp.*, No. 02 Civ.
566, 2003 U.S. Dist. LEXIS 20331, at *11-13 (S.D.N.Y. Nov. 12, 2003) ("[E]ach
separate act of slander in a series is in and of itself a distinct and complete
wrong and constitutes a different cause of action. . . .  The *Bonner* effect of
tolling of the statute of limitations to account for a continuous wrong does not
apply to defamation claims."); *Cheves v Trustees of Columbia Univ.*, 931 N.Y.S.2d
877, 877 (N.Y. App. Div. 1st Dep't 2011) ("[T]here is no support for plaintiff's
proposition that the statute of limitations governing actions for defamation is
subject to a 'continuing tort' exception.").

*v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 223 (E.D.N.Y. 2010)
(stating that a complaint asserting a defamation claim is "sufficient
only if it adequately identifies the purported communication, and
an indication of who made the statement, when it was made, and to
whom it was communicated."  (internal quotation marks omitted)).
Because plaintiff failed to assert any such additional allegations
of defamatory statements by B.M. in the Amended Complaint, he cannot
now invoke the discovery process as a basis to search for evidence
of other possible defamation claims that were not alleged due to the
fact that his existing claims may be time-barred.  *See 287 Franklin
Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2012 U.S. Dist.
LEXIS 72855, at *15 (E.D.N.Y. May 24, 2012) ("'The locus of the line
between discovery reasonably calculated to lead to admissible
evidence and the proverbial fishing expedition is determined in large
measure by the allegations of the pleading.'" (quoting *Unger v.
Cohen*, 125 F.R.D. 67, 71 (S.D.N.Y. 1989))).

     Because plaintiff had a full opportunity to inquire into
the defamatory statements alleged in the Amended Complaint, it does
not appear that any additional discovery would be warranted due to

the assertion of B.M.'s statute of limitations defense.[2] Even if additional discovery were warranted, it would be limited solely to defending against the statute of limitations defense (e.g. establishing a basis for equitable tolling, if applicable). Additionally, defendant B.M. has consented to re-opening discovery to make herself available for limited additional questioning regarding the dates of B.M.'s meetings with Detective Phelan and prosecutors and any statements she may have made regarding H.B.'s allegations against plaintiff. (Def. Reply at 5 n.4.) Due to the statute of limitations, any such discovery would also be limited to any defamatory statements published on or after January 4, 2010, one year prior to the filing of the original complaint in this case. Assuming that such limited additional discovery were warranted, it would not constitute the expenditure of "significant" additional resources by plaintiff, which is required to make a finding of prejudice sufficient to deny a motion to amend. *See Block*, 988 F.2d at 350; *Sotheby's Int'l Realty, Inc. v. Black*, No. 06 Civ. 1725, 2007 U.S. Dist. LEXIS 92168, at *16-17 (S.D.N.Y. Dec. 13, 2007) (granting defendant leave to amend his answer to add an affirmative defense

---

[2] Despite the limited scope of plaintiff's defamation claim against B.M. as alleged in the Amended Complaint, it appears from the transcript of B.M's deposition that plaintiff questioned B.M. at length about statements she made regarding plaintiff at times other than March of 2009 and to individuals other than Detective Phelan and ADA Lauren Parson. (*See* Def. Reply at 4-5 (citing portions of B.M's deposition).)

where any additional discovery would be minimal and limited solely to the affirmative defense).

Second, B.M.'s assertion of the statute of limitations defense at this time will not significantly delay the resolution of this case. The fact that plaintiff himself now seeks to amend the Amended Complaint to include H.B. as a party (*see* Pl. Opp'n at 3-5), which would inevitably delay the resolution of this case, undermines his attempt to establish prejudice from B.M.'s proposed amendment to add an affirmative defense. There is also no indication that B.M.'s delay in asserting the limitations defense prevented the plaintiff from bringing a timely action in another jurisdiction.

Third, plaintiff has not and cannot argue that B.M's failure to avail herself of the limitations defense prior to May 2012 was the result of anything but an oversight, as no evidence been adduced that would support a finding of bad faith or dilatory tactics by B.M. or her counsel. *See Block v. First Blood Assoc.*, 763 F. Supp. 746, 748 (S.D.N.Y. 1991); *see also Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) ("[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."). Indeed, upon discovery of the oversight, plaintiff's counsel immediately brought the limitations defense to the attention of plaintiff and the court. Plaintiff "cannot prove

prejudice merely by the fact that the amendment may make it more difficult, or even impossible, for [him] to prevail in the litigation." *Block*, 763 F. Supp. at 748.

Finally, as held by the Second Circuit, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350 (internal quotations omitted).  As discussed above, because plaintiff has failed to establish bad faith or undue prejudice, the mere delay of eight months in B.M.'s assertion of a limitations defense due to an unintentional oversight by her counsel is insufficient to warrant denial of B.M's motion to amend her answer. Indeed, absent a showing of prejudice or bad faith, the Second Circuit has affirmed district court rulings granting motions to amend an answer to include an affirmative defense for periods much longer than the eight-month delay here.  *See id.* (four years); *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234-35 (2d Cir. 1995) (four years); *see also Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384-85 (2d Cir. 1968) (finding that a three-and-one-half year delay between filing the complaint and a motion to amend, without prejudice or bad faith, was an inadequate basis to deny leave to amend the complaint).  Accordingly, given the court's considerable discretion in granting amendments and this Circuit's rule of liberally granting amendments in the absence of

a showing by the nonmovant of prejudice or bad faith, the court grants
defendant B.M.'s motion for leave to amend her answer to include a
statute of limitations defense to the defamation claim.

## II.   Plaintiff's Cross-Motion to Amend the Complaint to Include H.B. as a Defendant

Plaintiff cross-moves to amend the Amended Complaint to
include H.B. as a defendant by asserting malicious prosecution and
defamation claims against B.M. *on behalf of* her minor daughter H.B.[3]
(Pl. Opp'n at 3-4 (emphasis added).)   Specifically, plaintiff seeks
to add allegations that B.M. and H.B. acted in concert as part of
a conspiracy "to gain a tactical advantage in an impending custody
battle . . . via falsely accusing . . . Peter Boda[] of a sex crime."
(*Id.*)   Although the liberal standard for amendment under Federal
Rule of Civil Procedure 15 discussed above equally applies to
plaintiff's cross-motion to amend, the court finds that plaintiff's

---

[3]   It is uncertain whether plaintiff can sue B.M. on behalf of her
daughter H.B.   "The general rule is that a parent is not liable for the torts of
his children."   *Goldhirsch v. Majewski*, 87 F. Supp. 2d 272, 279 (S.D.N.Y. 2000);
*see Rivers v. Murray*, 815 N.Y.S.2d 708, 709 (N.Y. App. Div. 2d Dep't 2006) ("While,
as a general rule, parents are not liable for the torts of their child, a parent
may be held liable, *inter alia*, where the parent[s]' negligence consists entirely
of his [or her] failure reasonably to restrain the child from vicious conduct
imperilling others, when the parent has knowledge of the child's propensity toward
such conduct." (internal quotation marks omitted)).   *But see DeRosa v. Smith*, 729
N.Y.S.2d 191 (N.Y. App. Div. 2d Dep't 2001) ("[A] parent may be held liable where
he or she 'participates in the child's tortious act by consenting to it or by
ratifying it later and accepting the fruits' . . . .").   Because the court finds
that plaintiff's proposed amendment is futile on other grounds, the court need
not resolve this issue.

proposed amendment is futile and denies the motion.[4]  *See Ellis v.
Chao,* 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established
that leave to amend a complaint need not be granted where amendment
would be futile.").

      As previously discussed, the statute of limitations for
a defamation claim under New York law is one year, which begins to
run from the date of the publication of the defamatory statement.
Because plaintiff's proposed defamation claim against H.B. only
alleges defamatory statements by H.B. on or about March 9, 2009 (*see*
Pl. Opp'n at 4; Am. Compl. ¶ 32), the statute of limitations for that
claim expired on March 9, 2010.  The statute of limitations for
malicious prosecution is also one year, which begins to run when the
underlying criminal action is conclusively terminated.  N.Y.
C.P.L.R. § 215(3); *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995);
*Mejia v. City of New York*, 119 F. Supp. 2d 232, 278 (E.D.N.Y. 2000).
Plaintiff's criminal action was terminated on October 27, 2010 (Am.
Compl. ¶ 13), and thus the statute of limitations for the malicious

---

[4]  Plaintiff is admonished for his failure to provide any advance notice
to the court regarding his cross-motion and to follow the court's motion practices
in filing this motion.  *See* Local Civ. R. 7.1 (requiring an opposing party that
seeks relief that goes beyond denial of the original motion to file a notice of
motion); Chambers Practices of Judge Kiyo A. Matsumoto ¶ IV.B ("A pre-motion
conference with the court is required before the filing of any motion . . . .").
Additionally, Magistrate Judge Gold appointed *pro bono* counsel to represent
non-party H.B. in this case, and there is no indication that plaintiff served his
cross-motion to include H.B. as a defendant on H.B.'s counsel.  On these bases
alone, plaintiff's motion may be denied as procedurally improper.  Although H.B.'s
counsel did receive notice of the cross-motion when it was eventually filed via
ECF, because the court is denying plaintiff's motion, no response from H.B.'s
counsel is required.

prosecution claim expired on October 27, 2011.  Accordingly, because plaintiff did not seek to amend the Amended Complaint until July 18, 2012, the date of his cross-motion to amend, the defamation and malicious prosecution claims against H.B. are time-barred.  *See Rothman v. Gregor*, 220 F.3d 81, 85 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." (internal quotation marks omitted)); *Bass v. World Wrestling Fed'n Entm't*, 129 F. Supp. 2d 491, 508 (E.D.N.Y. 2001) (same).

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint" pursuant to Federal Rule of Civil Procedure 15(c).  *VKK Corp. v. NFL*, 244 F.3d 114, 128 (2d Cir. 2001).  Even assuming that plaintiff's original complaint filed on January 4, 2011 was timely[5], plaintiff must establish that his proposed amendment to include defamation and malicious prosecution claims against H.B., a new defendant, relates back to the date of the original complaint.  There are three requirements that must be met for plaintiff's new claims against H.B. to relate back to the original complaint:  (1) the new

---

[5] As discussed *infra*, the defamation claims alleged against B.M. in the original complaint (as well as the proposed defamation claims against H.B.) are likely time-barred absent any ground for tolling of the statute of limitations.

claims against H.B. must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) H.B. "received such notice of the action that [she] will not be prejudiced in defending on the merits"; and (3) H.B. "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)-(C).

Although the new defamation and malicious prosecution claims against H.B. arise out of the same conduct or occurrence set out in the original complaint, the second and third requirements for relation back have not been satisfied. Most importantly, H.B. could not have known that, but for a "mistake" concerning her proper identity, she would have been named as a defendant in the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(ii). H.B. was identified several times by name in the original complaint, demonstrating that plaintiff clearly knew of her identity and her role in the events giving rise to the claims at issue but deliberately chose not to name her as a defendant. Such a deliberate choice not to name H.B. as a defendant does not satisfy the requirement of a "mistake" concerning her proper identity. *See Krupski*, 130 S. Ct. at 2496 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as

14

opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."); *Palmer v. Estate of Stuart*, 274 F. App'x 58, 59 (2d Cir. 2008) (summary order) (finding that plaintiff's knowledge, at the time he filed his original complaint, of the names and relevant actions of two defendants he proposed to add to an amended complaint "defeats any claim of mistake" (citing *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) ("holding that, where a plaintiff 'knew the identities' of the defendants she proposed to add to her complaint, 'her failure to [sue] them in the original complaint, in light of her obvious knowledge[,] . . . must be considered a matter of choice, not mistake'"))); *Bass*, 129 F. Supp. 2d at 508 (same); *see also Felmine v. City of New York*, No. 09-CV-3768, 2012 U.S. Dist. LEXIS 77299, at *11 (E.D.N.Y. June 4, 2012) ("*Krupski* does not appear to alter the requirement that the plaintiff's failure to name the defendant within the limitations period be attributable to a 'mistake' in order to warrant relation back under Rule 15(c)(1)(C)").[6]

---

[6] Even if plaintiff argues he is not seeking to amend the Amended Complaint to include an additional defendant, H.B., but only is seeking to include additional claims against B.M. *on behalf of* H.B., he still must comply with the requirements of Federal Rule of Civil Procedure 15(c)(1)(C) because "[a]mending the capacity in which a defendant is named is understood to be changing the 'naming of the party against whom a claim is asserted.'" *Oladokun v. Ryan*, No. 06 cv 2330, 2011 U.S. Dist. LEXIS 109638, at *15 (S.D.N.Y. Sep. 27, 2011) (quoting Fed. R. Civ. P. 15(c)(1)(C)). Here, plaintiff is adding H.B. as a party, or alternatively, is seeking to hold B.M. liable for the torts of H.B., which changes the capacity in which B.M. is being sued and thus "changes . . . the naming of the party against

Additionally, even though H.B. likely received notice of the action because she was identified numerous times in the original complaint and her mother B.M. was named as a defendant, both H.B. and B.M. will be prejudiced by plaintiff's proposed amendment because discovery has been completed[7] and they may have chosen to conduct themselves differently throughout this case had they known that H.B. is a defendant and that B.M. could be liable for the torts of H.B. Indeed, Magistrate Judge Gold only appointed *pro bono* counsel to non-party H.B. in April 2012 - almost fourteen months after this lawsuit was commenced - solely in connection with plaintiff's application to take H.B.'s deposition, which was the only discovery remaining in this case. (Minute Entry dated April 10, 2012; Order dated April 13, 2012.) Because H.B. was an unrepresented, minor non-party prior to April 2012, she will be prejudiced if she is now added as a defendant in this case after all discovery, except for perhaps her own deposition, has been completed. *See Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.

---

whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Regardless, plaintiff has not and cannot establish that B.M. knew or should have known that, but for a "mistake" concerning her proper identity, she would have also been sued on behalf of H.B. Fed. R. Civ. P. 15(c)(1)(C)(ii).

[7] Although plaintiff has stated that "the discovery phase with respect to HB is still open and she has not yet been deposed" (Pl. Opp'n at 4), plaintiff has failed to notice her deposition despite being having months to do. As a result, H.B.'s counsel filed a letter dated July 23, 2012 with the court, noting that they "assume the parties no longer wish to depose [H.B.]" and "object[ing] to any further extensions of the deadline by which the deposition is to be completed." (ECF No. 51, Letter from Deborah Colson.)

1985) (affirming denial of motion to amend because, *inter alia*, discovery had already been completed). Accordingly, because plaintiff's additional claims against H.B. are time-barred and he does not satisfy the requirements for relation back of his proposed amendment to the date of the original complaint, the court denies plaintiff's cross-motion to amend the Amended Complaint as futile.

## CONCLUSION

For the reasons set forth above, the court grants defendant B.M.'s motion to amend her answer to include a statute of limitations defense to plaintiff's defamation claim, and denies plaintiff's cross-motion to amend the Amended Complaint to include H.B. as a defendant. By August 13, 2012, Defendant B.M. shall serve and file her amended answer via ECF, and by August 20, 2012, the parties shall jointly file a letter via ECF proposing a briefing schedule on defendants' motions for summary judgment. To the extent plaintiff wishes to conduct any additional discovery in this case, he shall apply to Magistrate Judge Gold for such relief by August 13, 2012.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 6, 2012

                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States District Judge

17