# THE LAW OFFICE OF TAMARA M. HARRIS
350 Broadway, Suite 400
New York, New York 10013
Telephone (212) 334-1050
Facsimile (212) 334-1051

August 13, 2012

**BY ECF**

Chief Magistrate Judge Steven M. Gold
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Peter Boda v. Detective John Phelan, et al.*
>       <u>1:11-CIV-00028 (KAM)(SMG).</u>
>       Motion to Compel HB to Answer Questions at Deposition

Dear Magistrate Judge Gold:

Peter Boda wishes to depose HB in the above captioned case and moves to compel her to answer any questions posed to her at her deposition related to the subject matter of this case. HB's counsel previously submitted a letter to this Court indicating that when HB was deposed she would assert her Fifth Amendment privilege against self-incrimination and refuse to answer questions. Peter Boda objects to the assertion of the 5th amendment on the grounds that the burden of proof is on one who seeks to assert the privilege, and HB has asserted no basis upon which to assert such a privilege in her counsel's prior letter to this court. *See East 51st Street*

*Crane Collapse Litigation v. East 51st Street Development Company*, 30 Misc. 2d 521 (Sup. Ct. N.Y. County 2010) (holding that while, under the Fifth Amendment, a party may not be compelled to answer questions that might adversely affect his or her criminal interest, the privilege does relieve a party of the usual evidentiary burden attendant upon civil proceeding, nor does it afford any protection for failing to submit competent evidence. The burden of asserting the Fifth Amendment privilege rests entirely on the person asserting it.)

Although one may invoke the Fifth Amendment and decline to answer questions at a deposition, that person has the burden of showing that they have reasonable cause to believe that answering the question will provide the government with evidence to fuel a criminal prosecution. *Lopez v. City of New York*, 2007 WL 2228150 (E.D.N.Y. 2007), citing *OSRecovery, Inc. v. One Group Int'l Inc,* 262 F. Supp.2d 302,306 (S.D.N.Y. 2003). "The protection of the Fifth Amendment privilege is confined to instances where the witness has reasonable cause… to believe that a direct answer would support a conviction or furnish a link in the chain of evidence needed to prove a crime." *Carter-Wallace, Inc. v. Hartz Mountain Indus.,Inc.*, 553 F. Supp.45 (D.C.N.Y. 1982). HB's counsel has asserted no factual basis for asserting the privilege that meets this standard and Mr. Boda therefore seeks to compel her to answer questions about the subject matter of this case at her deposition.

Moreover, Peter Boda objects to the claim of Fifth Amendment privilege on the grounds that HB waived the privilege when she testified about the alleged sex crime perpetrated upon her by Mr. Boda in the grand jury and at Mr. Boda's criminal trial. The loss or waiver of a privilege can be inferred from a witness' prior course of conduct or prior statements concerning the

subject matter of the case. *In re DG Acquisition Corp.*, 208 B.R. 323 (Bkrtcy. S.D.N.Y. 1997).

Accordingly, Peter Boda asserts that HB has waived the right to refuse to answer questions at a

deposition based on the 5th Amendment right against self-incrimination, due to her prior course

of conduct in testifying twice about the very facts at issue in this case.

WHEREFORE, Peter Boda intends to take the deposition of HB, but before noticing said

date, seeks an order compelling HB to answer questions at her deposition.

_____
Tamara Harris