# ORIGINAL

August 14, 2012

District Judge Kiyo A. Matsumoto
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



Re: Peter Boda v. Detective John Phelan, et al.;
1:11-CIV-00028 (KAM)(SMG).

Dear Judge Matsumoto:

I am sending you this letter in reply to my attorney's letter to the Judge Gold to be relieved as my legal representative in the above mentioned case.
I strongly disagree with the court allowing Motion to be relieved on an ex parte and in camera basis which would be sealed on the Eastern District's "PACER" system.
Ms. Harris further stated in her letter if she attempted to persuade me to permit her to be relieved and that I refused. However, Ms. Harris never mentioned to me that we had a problem. In my opinion, the problem started on 8/6/2012, when new Judge issued Memorandum and Order granting Defendant B.M. Motion to Amend her answer to include a statue of limitations defense to Plaintiff's defamation claim and denial Plaintiff's cross-motion to amend the Amended Complaint to include H.B. as a Defendant. From that time on, Tamara Harris canceled 2 appointments I had with her scheduled on August 9th and 10th 2012. My appointment on Friday, August 10, 2012, was in regards to the job she had for me; I filed many court papers for Tamara and delivered personally summons and complaints, Orders to Show Cause, to many of her clients.
I was not aware about any problems whatsoever with my attorney until I went to the District Court, 225 Cadman Plaza East, and obtained court minutes from the Clerk and called my attorney about Memorandum and Order issued by you, Honorable Judge Matsumoto. From Friday, August 10th, I had no conversation with my attorney and I tried to reach her texting and calling to please get in contact with me. However, she never replied until she filed by ECF yesterday, Monday, August 13, 2012, her letter to be relieved as my attorney. I think the court should not allow her to file an ex parte and in camera sealed Motion to be Relieved as my Counsel, without me opposing that Motion.
I do have a retainer with Ms. Harris, which I am including with this letter. I ask, Honorable Judge Matsumoto, to understand my hardship and looking for another attorney if Ms. Harris resigns. We are almost at the summary judgment motion and I set up some funds for Ms. Harris, which is a payment for her hours in typing her reply to the

Summary Judgment Motion by the Defendant's. I am on SSI and I can't afford another attorney at this late time when my case is very close to be decided.

Honorable Judge, please inform me about your decision in regards to Tamara Harris Motion to be Relieved as a Counsel. We agreed at the beginning that she will be collecting her fees from winning our case as my retainer will show, that I will pay all the other expenses, court fees, typing, copying, motions, etc. from the proceeds from my case and Ms. Harris agreed to that, as you will see on my copies.

Sincerely yours,

*Peter Boda*
Peter Boda

THE LAW OFFICE OF TAMARA M. HARRIS PLLC
1115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10011
(212) 710-2758

### RETAINER AGREEMENT BETWEEN TAMARA HARRIS AND PETER BODA

Peter Boda hereby retains Tamara M. Harris, Esq., as his attorney for his 42 USCS 1983 case in the United States District Court, Eastern District of New York against Detective Phelan and New York City.

Attorney's Obligations and Warranties: I promise to use my best efforts and abilities as an attorney to obtain the best result possible under the circumstances. I cannot and do not promise any particular result or disposition of the case.

Fee for Availability of Counsel: The fee for representing the Client is a flat fee of $6,000 due at the inception of the case. It is also agreed between Ms. Harris and Mr. Boda that in consideration for this agreement to cap said legal fees at $6,000, Ms. Harris will be entitled to 30% of any and all money recovered by Peter Boda as a result of the commencement of this lawsuit- whether that money be from settlement, arbitration, mediation, summary judgment, trial, or otherwise, and that she shall have a stake in said money even if Mr. Boda elects to terminate the attorney client relationship during the course of litigation. It is agreed that Ms. Harris will commence this case in good faith, based on Mr. Boda's promise to pay the $6,000 retainer by February 1, 2010, and that any failure of Mr. Boda to pay said $6,000 retainer will entitle Ms. Harris to withdraw from the action or to collect an additional 6,000 after collecting 30% of any and all recovery. It is also understood that client is responsible for all costs of the litigation, including filing fees, etc.

Client Rights: Client retains the right to terminate the attorney-client relationship, with or without cause, at any time. In the event of a fee dispute client understand he has the right to seek arbitration over said dispute and retains that right.

Costs and Expenses: The above fees do not include costs and expenses incurred in connection with this case, such as court reporter fees, court reporter transcripts, experts, filing fees, etc.

I have read and understand the foregoing Retention Agreement, constituting 1 page, and agree to the terms set forth herein.

_____    __1/7/11_____
Tamara M. Harris, Esq.              Date
Attorney

____Peter Boda_____    __1/3/2011_____
Peter Boda                          Date
Client

| | | |
|---|---|---|
| 07/05/2012 | | Motions terminated, docketed incorrectly: Defendant B.M.'s Motion to Amend her Answer 49 . Pursuant to the "bundling rule" set forth in Section IV.C of the court's Chambers Practices, no motion papers shall be filed via ECF until the motion has been fully briefed. Accordingly, pursuant to the Order dated 05/25/12, on 07/27/12, or when defendant B.M.'s motion to amend is fully briefed, the parties shall file all motion papers via ECF and provide two courtesy copies to the court. Ordered by Judge Kiyo A. Matsumoto on 07/05/2012. (Ravi, Sagar) (Entered: 07/05/2012) |
| 07/20/2012 | 50 | MOTION for Extension of Time to File / *Letter Motion re Status Update and Proposed Briefing Schedule on Defendants' Motions for Summary Judgment* by B. M.. (Jacoby, Nicole) (Entered: 07/20/2012) |
| 07/23/2012 | 51 | Letter *regarding deposition* by H. B. (Colson, Deborah) (Entered: 07/23/2012) |
| 07/27/2012 | 52 | MOTION to Amend/Correct/Supplement *//Defendant B.M.'s Motion for Leave to Amend Her Answer* by B. M.. (Attachments: # 1 Memorandum in Support) (Jacoby, Nicole) (Entered: 07/27/2012) |
| 07/27/2012 | 53 | REPLY in Support re 52 MOTION to Amend/Correct/Supplement *//Defendant B.M.'s Motion for Leave to Amend Her Answer* filed by B. M.. (Attachments: # 1 Declaration of Nicole Jacoby in Support of Defendant B.M.'s Reply Memorandum in Further Support of Motion to Amend Her Answer) (Jacoby, Nicole) (Entered: 07/27/2012) |
| 07/30/2012 | | ORDER. Pursuant to the Order dated 05/25/12, plaintiff was to file his opposition to defendant B.M.'s motion to amend her answer via ECF by 07/27/12 when the motion was fully briefed. To date, although it appears that plaintiff did serve an opposition on defendant B.M., plaintiff has not filed his opposition via ECF. Accordingly, plaintiff shall file his opposition via ECF by 12:00 PM on 07/31/12. Ordered by Judge Kiyo A. Matsumoto on 07/30/2012. (Ravi, Sagar) (Entered: 07/30/2012) |
| 07/30/2012 | 54 | MEMORANDUM in Opposition *to BM's motion to amend answer and cross motion to amend amended complaint* filed by Peter Boda. (Harris, Tamara) (Entered: 07/30/2012) |
| 08/06/2012 | 55 | MEMORANDUM AND ORDER. For the reasons stated in the attached Memorandum and Order, the court grants defendant B.M.'s motion to amend her answer to include a statute of limitations defense to plaintiff's defamation claim 52 , and denies plaintiff's cross-motion to amend the Amended Complaint to include H.B. as a defendant 54 . By August 13, 2012, Defendant B.M. shall serve and file her amended answer via ECF, and by August 20, 2012, the parties shall jointly file a letter via ECF proposing a briefing schedule on defendants' motions for summary judgment. To the extent plaintiff wishes to conduct any additional discovery in this case, he shall apply to Magistrate Judge Gold for such relief by August 13, 2012. Ordered by Judge Kiyo A. Matsumoto on 08/06/2012. (Ravi, Sagar) (Entered: 08/06/2012) |