UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Peter Boda,**

          Plaintiff,

v.

**Detective John Phelan, et al.,**

          Defendants.

1:11-Civ.-00028 (KAM) (SMG)

### DEFENDANT B.M.'S LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of New York, Defendant B.M. respectfully asserts in support of her motion for summary judgment that the following material facts are not genuinely in dispute:

1. Plaintiff is the former piano teacher to Defendant B.M.'s daughter, H.B. (Ex. 13, Grand Jury Presentment ¶ 6; Ex. 16, B.M. Dep. Tr. 24:20–25:2; Ex. 17, Crim. Compl.; Ex. 21, Boda Dep. Tr. 85:15–87:18; Ex. 23, Am. Compl. ¶ 8(F).)[1]

2. H.B. was approximately 7–8 years old at the time Plaintiff taught her piano lessons. (*See* Ex. 22, B.M. Grand Jury Tr. P93:23.)[2]

---

[1] Due to Plaintiff's current incarceration and *pro se* status, the parties were unable to coordinate a Joint Deposition Transcript Appendix as called for in the Court's Individual Rules. Defendant B.M. has attached the portions of the deposition transcripts cited in her summary judgment motion papers, attached as exhibits to the Declaration of Michael T. Leigh in Support of Defendant B.M.'s Motion for Summary Judgment. At the Court's request, counsel for Defendant B.M. can coordinate with counsel for Defendants Det. Phelan and the City of New York to provide the Court with full versions of the deposition transcripts.

3. Plaintiff was sexually aroused around H.B. during the time he taught her piano lessons in her family home. (Ex. 21 at 238:7–239:24; Ex. 24, Boda Grand Jury Tr. 41:16–42:1, 43:8–20.)

4. In early March 2009, H.B. stated to her teacher, Susan Chavin, that she had been sexually abused by Plaintiff. (Ex. 9, Law Enforcement Referral; Ex. 10, Tr. of H.B.'s Test. at Pl.'s Crim. Trial 120:17–121:22.)

5. On or about March 6, 2009, Ms. Chavin called the New York State Child Abuse Hotline and reported that she had been told that Plaintiff had sexually molested H.B. by "fondling [her] vagina." (Ex. 9.)

6. On March 6, 2009, a Law Enforcement Referral was generated based on Chavin's call to the New York State Child Abuse Hotline. (Ex. 9.)

7. On March 6, 2009, the New York Police Department received the Law Enforcement Referral generated by Ms. Chavin's call to the New York State Child Abuse Hotline, and opened an investigation into the allegations against Plaintiff. (Ex. 11, NYPD Complaint Follow-up Informational System, at 1 & 3; Ex. 12, Phelan Dep. Tr. 38:6–15, 39:17–20, 95:2–9, 102:19–104:11, 200:2–13; Ex. 13 at ¶ 6.)

8. On or about March 6, 2009, B.M. took H.B. to meet with former Assistant District Attorney ("ADA") Elizabeth Dank to prepare for H.B.'s testimony at her father, J.B.'s, criminal trial. (Ex. 14, Dank Dep. Tr. 9:19–13:9, 25:25–26:15; Ex. 16, B.M. Dep. Tr. 73:2–5.)

---

2    The documents produced by Plaintiff in his action were not paginated by Bates stamp or otherwise. For ease of reference, Defendant B.M. has paginated documents referenced in Plaintiff's production as "P[page number]."

9. Former ADA Dank set up the appointment for B.M. to bring H.B. to Dank's office. (Ex. 14 at 25:25–26:15; Ex. 16 at 73:2–5.)

10. During a conversation with former ADA Dank on or about March 6, 2009, H.B. stated that she had been sexually abused by Plaintiff during the time Plaintiff taught her piano lessons. (Ex. 10 at 120:17–122:5; Ex. 14 at 20:1–21:2, 40:19–21, 49:13–21, 64:4–21; Ex. 15, 3/10/10 Dank Aff. ¶ 2.)

11. After hearing H.B.'s allegations, former ADA Dank relayed the allegations to the Special Victims Bureau of the Queens District Attorney's Office. (Ex. 14 at 25:18–24.)

12. Former ADA Dank does not recall Defendant B.M. ever stating to her "Peter Boda licked H.B.'s vagina and touched her lap." (Ex. 14 at 85:7–10.)

13. Defendant B.M. was not aware of H.B.'s allegations until after H.B. had reported them to Ms. Chavin and former ADA Dank. (Ex. 2, 3/10/10 B.M. Aff. ¶¶ 12–13; Ex. 10 at 120:17–122:10, 134:2–7; Ex. 12 at 48:13–22; Ex. 14 at 58:18–59:7, 60:19–24, 79:19–80:2; Ex. 15 at ¶ 3; Ex. 16 at 81:2–84:13, 101:13–15.)

14. After first hearing of H.B.'s allegations, B.M. asked H.B. if the allegations were true, and H.B. told B.M. that the allegations were true. (Ex. 16 at 109:20–110:13.)

15. On or about March 7, 2009, H.B. stated to Det. Phelan that she had been sexually abused by Plaintiff. (Ex. 12 at 69:18–75:6, 94:2–95:9; Ex. 17.)

16. Det. Phelan determined H.B.'s allegations of having been sexually abused by Plaintiff were "credible" and called ADA Lauren Parson to relay what H.B. had alleged and ask ADA Parson to speak with H.B. (Ex. 12 at 94:2–95:9; 219:9–12.)

17. B.M.'s involvement with law enforcement did not begin until after an investigation had begun into H.B.'s allegations against Plaintiff. (Ex. 12 at 41:4–10, 42:18–43:10, 94:2–95:13, 212:15–16, 213:11–13; Ex. 16 at 103:18–104:20, 107:18–108:4.)

18. Defendant B.M. had only two conversations with Det. Phelan: one on or about March 7, 2009, and one on or about March 12, 2009. (Ex. 12 at 211:19–212:6.)

19. Both of the conversations between Defendant B.M. and Det. Phelan occurred at Phelan's request. (Ex. 12 at 41:4–10, 42:18–43:10, 212:15–16, 213:11–13.)

20. During B.M.'s conversations with Det. Phelan, Defendant B.M. reported to him:

- What Plaintiff looked like;
- The date range during which Plaintiff taught H.B. piano lessons;
- That H.B. had disclosed to others and then to B.M. that she had been sexually abused by Plaintiff;
- Once, in December 2007, she had seen Plaintiff place his hand on H.B.'s leg;
- Plaintiff's possible whereabouts, including that Plaintiff often could be found with J.B.;
- J.B. drove a blue mini-van;
- J.B.'s address; and
- J.B. was being prosecuted for allegedly attacking her in June 2008. (Ex. 12 at 80:2–25, 120:21–122:21, 123:7–20, 153:14–155:15, 157:25–158:6, 203:8–206:21; Ex. 16 at 111:14–17, 118:8–119:13; Ex. 17.)

21. Det. Phelan does not recall Defendant B.M. ever stating to him "Peter Boda licked H.B.'s vagina." (Ex. 12 at 211:19–215:5.)

22. Plaintiff has no firsthand knowledge of any conversation between Defendant B.M. and Det. Phelan on or about March 9, 2009 during which Defendant B.M. allegedly told Det. Phelan that "Peter Boda licked HB's vagina and touched her lap." (Ex. 21 at 224:3–5.)

4

23. On or about March 12, 2009, H.B. reported to ADA Parson that she had been sexually abused by Plaintiff during the time he taught her piano lessons. (Ex. 12 at 131:2–132:13; Ex. 18, Parson Decl. ¶ 7.)

24. ADA Parson has no recollection of B.M. ever stating to her "Peter Boda licked H.B.'s vagina and touched her lap." (Ex. 18 at ¶ 11.)

25. Det. Phelan has no recollection of Defendant B.M. stating to ADA Parson that "Peter Boda licked H.B.'s vagina and touched her lap." (Ex. 12 at 215:6–216:23.)

26. Plaintiff has no firsthand knowledge of any conversation between Defendant B.M. and ADA Parson on or about March 9, 2009 during which Defendant B.M. allegedly stated to Parson that "Peter Boda licked HB's vagina and touched her lap." (Ex. 21 at 228:8–14.)

27. At no time did Defendant B.M. allege to Det. Phelan, Ms. Dank, or ADA Parson that she had first-hand knowledge of Plaintiff's alleged sexual abuse of H.B. (Ex. 12 at 214:4–215:5; Ex. 14 at 85:14–17; Ex. 18 at ¶ 8.)

28. H.B. is listed as the "Complainant" on all New York Police Department records related to Plaintiff's arrest and criminal prosecution for allegedly sexually abusing H.B. (Ex. 11 at 3–6; Ex. 17.)

29. Ms. Chavin is listed as the "Outcry Witness" on all New York Police Department records related to Plaintiff's arrest and criminal prosecution for allegedly sexually abusing H.B. (Ex. 11 at 4, 8–9.)

30. Defendant B.M. does not appear as the Complainant or Reporter on any of the NYPD or District Attorney records. (*See* Ex. 11; Ex. 13; Ex. 17.)

31. On March 13, 2009, Det. Phelan and his partner arrested Plaintiff after finding him with J.B. (Ex. 11 at 6; Ex. 12 at 159:3–162:2.)

32. Det. Phelan arrested Plaintiff on the basis of his two interviews with H.B. (Ex. 12 at 217:3–11, 219:3–18.)

33. On March 18, 2009, a Grand Jury indicted Plaintiff for Course of Sexual Conduct Against a Child in the First Degree (N.Y. Penal Law. § 130.75(1)) and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10(1)). (Ex. 19, Notice of Voted Indictment; Ex. 20, Indictment; Ex. 21 at 148:23–24.)

34. ADA Parson presented H.B.'s allegations to a Grand Jury because it was her "judgment that H.B.'s allegations were credible and presented legally sufficient evidence that a crime had been committed." (Ex. 18 at ¶ 9.)

35. Prior to voting to indict Plaintiff, the Grand Jury heard testimony from Plaintiff, Det. Phelan, H.B., and Defendant B.M. (Ex. 21 at 148:19–24; Ex. 22; Ex. 23 at ¶ 12; Ex. 24.)

36. Defendant B.M. testified to the Grand Jury that:

- Plaintiff formerly was H.B.'s piano teacher;
- Once, in December 2007, she had seen Plaintiff place his hand on H.B.'s leg;
- She had learned of H.B.'s allegations about Plaintiff approximately two weeks prior to her Grand Jury testimony; and
- She was told by H.B. that Plaintiff had sexually abused her during the time he taught her piano lessons. (Ex. 22 at P95:8–P96:16.)

37. Plaintiff filed this action on January 4, 2011. (Jan. 4, 2011 Minute Entry, ECF.)

Dated: July 12, 2013
      New York, New York

                                    DEBEVOISE & PLIMPTON LLP

                                    By:  /s/ Michael T. Leigh
                                         Michael Schaper
                                           Michael T. Leigh
                                           Sarah Garvey-Potvin (*of counsel*)

                                    919 Third Avenue
                                    New York, NY  10022
                                    (212) 909-6000
                                    mtleigh@debevoise.com
                                    *Attorneys for Defendant B.M.*

TO:    Peter Boda
         #141-12-130-92
         George Motchan Detention Center
         15-15 Hazen Street
         East Elmhurst, NY  11370
         *Pro se Plaintiff*

         Matthew Modafferi, Esq.
         New York City Law Department
         100 Church Street
         New York, NY  10007
         (212) 788-1652
         Fax:  (212) 788-9776
         Email:  mmodaffe@law.nyc.gov
         *Attorney for Detective John Phelan and the City of New York*