UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PETER BODA

                    Plaintiff,                              **ORDER**
                                                                     **11-CV-28 (KAM)(SMG)**

          - against -

DETECTIVE JOHN PHELAN, et al.,

                    Defendants.
-----------------------------------------------------------X

**MATSUMOTO, United States Magistrate Judge:**

      By order of November 1, 2013, the court permitted plaintiff Peter Boda until November 15, 2013 to oppose defendants' motions of summary judgment and warned that, if he failed to do, those motions would be considered unopposed, and his case could be dismissed.  On November 14, 2013, the court received a letter from Mr. Boda dated September 5, 2013 and postmarked October 15, 2013.  (ECF No. 94.)  The letter reports that, as of the time of its writing, Mr. Boda was receiving in-patient care and, due to his treatment, was unable to present legal arguments in his favor in writing.  Mr. Boda's current status is unclear, as he represented in his letter that he would be released "by the end of . . . October."

      An order requiring Mr. Boda to submit further information regarding his medical condition was sent to plaintiff on November 15, 2013 at his last known address but was returned as undeliverable, although a previous order to the same address was not returned.  In light of the lack of information regarding Mr. Boda's whereabouts, the Court respectfully requests that counsel for the City defendants attempt to ascertain plaintiff's address as soon as practicable, and, if possible, to serve this amended order on plaintiff and file proof of service on the docket sheet.  If counsel is unable to learn any information regarding plaintiff's address, the court requests a status letter to that effect.

The court further orders that, if Mr. Boda seeks an extension of time to oppose the summary judgment motions based on his medical condition, **he must submit a letter from a licensed medical doctor regarding his current situation, his diagnosis, his prognosis, and any limitations on his cognitive abilities and when any limitations are likely to abate.  This letter must be submitted to the court by DECEMBER 20, 2013**.

In his most recent letter, Mr. Boda also requests that a *pro bono* attorney be appointed to him.  Plaintiff is reminded that there is no right to counsel in a civil case.  *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The court also cannot compel an attorney to take a civil case without a fee.  *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 309 (1989).  Further, his previous motion for appointment of counsel was denied for good reasons set forth in Chief Magistrate Judge Gold's order of April 11, 2013.  The court sees no reason to reconsider Chief Magistrate Judge Gold's order.

Finally, plaintiff is again reminded that he must update the court as to any changes in address.  **If plaintiff does not respond to this order, or cannot be located by December 20, 2013, the case will be dismissed for failure to prosecute, as Mr. Boda has previously been warned it may be.**

SO ORDERED.

_____/s_____
KIYO A. MATSUMOTO
Dated: November 25, 2013                    United States Magistrate Judge
       Brooklyn, New York

2